UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

          Plaintiff,

v.

JOHN DOW, *et al.*,

          Defendants.
_____/

Civil Action No. 23-11401

David M. Lawson
United States District Judge

David R. Grand
United States Magistrate Judge

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT STATE OF MICHIGAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) (ECF No. 7)

**I.  REPORT**

    **A.  Background**

On November 23, 2022, *pro se* plaintiff Bradley Peterson ("Peterson") was protesting in front of the City of Woodhaven Police Department and City Hall. (ECF No. 1, PageID.10). On that date, he was ticketed by one or more Woodhaven police officers for an ordinance violation related to the prohibited placement of signs. (*Id.*, PageID.11). According to Peterson, on April 5, 2023, he was found guilty of the ordinance violation and fined $130 by the Honorable Jennifer Coleman Hesson of the 33rd District Court. (*Id.*, PageID.14). As a result, Peterson now brings suit pursuant to 42 U.S.C. § 1983 against the State of Michigan (the "State"), as well as Judge Hesson, the City of Woodhaven, and several additional defendants, alleging violations of his civil rights and seeking $10 million in damages.

On June 29, 2023, the State filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Peterson's claims against it are barred by the Eleventh Amendment. (ECF No. 7). Peterson filed a response to the State's motion on August 18, 2023 (ECF No. 14), and no reply was filed.

An Order of Reference was entered on July 5, 2023, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 9). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

### B. Standard of Review

The State moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] The basis raised for dismissal – namely, Eleventh Amendment immunity – is considered jurisdictional in nature. *See Edwards v. Commonwealth of Ky. Revenue Cabinet*, 22 F. App'x 392, 393 (6th Cir. 2001) ("Eleventh Amendment immunity constitutes a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment immunity."); *see also Nair v. Oakland Cty. Cmty. Mental Health Auth.*, 443 F.3d 469, 476 (6th Cir. 2006) (Eleventh Amendment immunity is a "threshold defense" invoked "usually by way of a motion to dismiss under Rule 12(b)(1)").

### C. Analysis

---

[1] The State also argues that Peterson's complaint fails to state a claim against it and, thus, dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 7, PageID.101-04). Because the Court finds that Peterson's claims should be dismissed as barred by Eleventh Amendment immunity, it need not address the merits of this argument.

2

In its motion to dismiss, the State argues that Peterson's § 1983 claims against it are barred by Eleventh Amendment immunity. (ECF No. 7, PageID.99-100). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Interpreting this provision, the United States Supreme Court has held that the Eleventh Amendment prohibits suit in federal court against a state or any of its agencies or departments, unless the state has expressly and unequivocally waived its sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Sykes v. U.S.*, 507 F. App'x 455, 462 (6th Cir. 2012) (Eleventh Amendment prohibits actions against states and state agencies under § 1983). The State of Michigan has neither constitutionally nor statutorily waived its Eleventh Amendment immunity as to civil rights claims brought against it in federal court. *See Morris v. Michigan Dep't of Corr.*, No. 21-10627, 2021 WL 1238129, at *2 (E.D. Mich. Apr. 2, 2021) ("The State of Michigan has not consented to being sued in civil rights actions in the federal courts[.]") (citing cases).

"Eleventh Amendment immunity bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (internal quotations omitted). Here, Peterson is seeking money damages – in the amount of $10,000,000 – for alleged civil rights violations under § 1983.[2]

---

[2] Two months after the State filed its motion to dismiss, Peterson filed what appears to be a motion

3

(ECF No. 1, PageID.7). Thus, because the State has not consented to be sued for civil rights actions in federal court,[3] *see Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983, *see Quern v. Jordan*, 440 U.S. 332, 341 (1979), Peterson's claims against the State are barred by Eleventh Amendment immunity, and those claims should be dismissed.

## II.    RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that the State's Motion to Dismiss **(ECF No. 7)** be **GRANTED**.

Dated: October 23, 2023          s/David R. Grand
Ann Arbor, Michigan              DAVID R. GRAND
                                 United States Magistrate Judge

---

for temporary restraining order and/or preliminary injunction. (ECF No. 19). In that motion, Peterson asks the Court to order the State (and the other named defendants) "to stop – harassments threats, intimidation, reprisal's, malicious-prosecutions, in public protests against them …." (*Id.*, PageID.177). To the extent this motion can be read as a request for prospective injunctive relief, Peterson may believe – mistakenly – that the *Ex parte Young* exception to Eleventh Amendment immunity applies. In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized that an exception to the Eleventh Amendment allows federal courts to issue prospective, injunctive relief against a *state officer* to prevent ongoing violations of federal law. This exception is narrow, however, and "has no application in suits *against the States and their agencies*, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (emphasis added). *See also Lawson v. Shelby Cnty., TN*, 211 F.3d 331, 335 (6th Cir. 2000) ("Injunctive relief is available under the *Young* exception only against state officers—not the state itself—who violate federal law."). Thus, even if Peterson argues that he is seeking prospective injunctive relief against the State, such a claim is still barred by Eleventh Amendment immunity.

[3] The last few pages of Peterson's complaint, titled "The State of Michigan," appear to be a request that the State consent to suit in federal court in this case. (ECF No. 1, PageID.34-36). Specifically, Peterson "requests in writing for permission from the U.S. State of Michigan to be allowed to file U.S. civil lawsuits against them in U.S. federal courts of laws in this civil complaints [sic] and case." (*Id.*, PageID.34). However, it is clear from the State's filing of its motion to dismiss in this matter that it is not consenting to suit in federal court in this – or any other – case.

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981). The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 23, 2023.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager