UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

          Plaintiff,

v.

JOHN DOW, *et al.*,

          Defendants.
_____/

Civil Action No. 23-11401

David M. Lawson
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 16)

**I.  REPORT**

**A.  Background**

On November 23, 2022, *pro se* plaintiff Bradley Peterson ("Peterson") was protesting in front of the City of Woodhaven ("City") Police Department and City Hall. (ECF No. 1, PageID.10). On that date, he was ticketed for an ordinance violation related to the prohibited placement of signs. (*Id.*, PageID.11). According to Peterson, on April 5, 2023, he was found guilty of the ordinance violation and fined $130 by the Honorable Jennifer Coleman Hesson of the 33rd District Court. (*Id.*, PageID.14). As a result, Peterson now brings suit pursuant to 42 U.S.C. § 1983 against the City; the City's Mayor, Patricia Odette; Judge Hesson; Prosecutor

William Urich, and several other City employees.[1] Peterson alleges violations of his civil rights and seeks $10 million in damages.

On August 23, 2023, Mayor Odette, Judge Hesson, and Prosecutor Urich[2] filed a motion for partial summary judgment, arguing that they are entitled to absolute immunity from Peterson's claims. (ECF No. 16). Peterson filed a response to this motion on September 18, 2023 (ECF No. 22), and no reply was filed.

An Order of Reference was entered on July 5, 2023, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 9). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**B.     Standard of Review**

Pursuant to Rule 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing

---

[1] Peterson also sued the State of Michigan; however, on October 23, 2023, this Court entered a Report and Recommendation to grant the State's motion to dismiss. (ECF No. 25).

[2] The City and its employee defendants other than Mayor Odette, Judge Hesson, and Prosecutor Urich do not seek any relief in the instant motion, and reserved the right to file their own dispositive motion at a later date. (*Id.*, PageID.148).

law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

### C. Analysis

In their motion, the moving defendants argue that summary judgment should

be granted on Peterson's claims against them because his claims are barred by the absolute immunity afforded legislators, judges, and prosecuting attorneys. (ECF No. 16). For the reasons set forth below, the Court agrees.

### 1. *Mayor Odette*

As set forth above, Peterson alleges in his complaint that, on November 23, 2022, while he was peacefully protesting in front of the Woodhaven Police Department and City Hall, he was issued a ticket for violating a local ordinance related to the prohibited placement of signs. (ECF No. 1, PageID.10-11). Peterson now sues Mayor Odette because, despite her awareness of Peterson's "peaceful public protest history," she allegedly conspired with others to pass the ordinance at issue, thus allegedly unconstitutionally hampering his First Amendment right to protest. (*Id.*, PageID.23-24).

The United States Supreme Court has recognized that absolute legislative immunity attaches to all actions of local officials taken in the sphere of legitimate legislative activity. *See Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* at 54. The Sixth Circuit has adopted a two-part test to determine whether acts were legislative in nature: first, a court must consider whether the acts were legislative in form, *i.e.*, whether "they were integral steps in the legislative process"; and, second, a court must analyze the substance of the

defendants' acts to determine whether they bear "all the hallmarks of traditional legislation," including "a discretionary, policymaking decision[.]" *Guindon v. Twp. of Dundee, Mich.*, 488 F. App'x 27, 33 (6th Cir. 2012) (internal quotations omitted). If these criteria are met, local officials are absolutely immune from § 1983 suits arising out of their legislative actions. *See Saboury v. City of Lansing*, 366 F. Supp. 3d 928, 933 (W.D. Mich. 2017).

In this case, there is no question that Mayor Odette is entitled to absolute legislative immunity. Her alleged action in passing the ordinance at issue – even if Peterson is correct that it was done solely to impede him from protesting – was a discretionary, policymaking decision that clearly was an integral step in the legislative process. Under similar circumstances, courts have afforded absolute legislative immunity to city officials. *See, e.g., Tucker v. City of Richmond, Ky.*, 388 F.3d 216, 224 (6th Cir. 2004) (where plaintiff alleged that city ordinance violated his First Amendment rights, the defendant mayor was entitled to absolute legislative immunity when she voted in favor of the ordinance because "passing an ordinance is an example of an action taken in official legislative capacity" and thus within "the sphere of legitimate legislative activity") (quoting *Bogan*, 523 at 54); *Vaduva v. City of Xenia*, 780 F. App'x 331, 335-36 (6th Cir. 2019) (city council defendants entitled to absolute legislative immunity for passing ordinance restricting panhandling, even where ordinance was allegedly unconstitutional; the focus is on the nature of the act,

5

rather than the ordinance's constitutionality).

For all of these reasons, Mayor Odette is absolutely immune from liability for damages in this case, and summary judgment should be granted in her favor.

### 2. *Judge Hesson*

Summary judgment is also appropriate on Peterson's claims against Judge Hesson. In his complaint, Peterson alleges that, Judge Hesson, a 33rd District Court judge, acted improperly in denying his motions for change of venue and requests that he be permitted to "face or question his accuser" at his April 5, 2023 hearing on the citation issued regarding his violation of a local ordinance. (ECF No. 1, PageID.12, 13, 25-26).

Judge Hesson now argues that Peterson's claims against her should be dismissed based upon the doctrine of judicial immunity. (ECF No. 16, PageID.159-61). This doctrine protects judges from suits seeking monetary damages based on judicial acts performed under proper jurisdiction. *See Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997). The principle of independent judicial decision-making "is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly." *Christmas v. Macomb Cty. Circuit Court*, No. 07-10840, 2008 WL 251995, at *6 (E.D. Mich. Jan. 30, 2008) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Judicial immunity attaches so long as the act complained of was a judicial act (*i.e.*, a function normally

performed by a judge while dealing with the parties in her judicial capacity) and was not taken in the absence of all jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Stump*, 435 U.S. at 356-62. The Supreme Court has articulated a two-prong test to determine whether an act is "judicial" in nature. *Stump*, 435 U.S. at 362. The Court must first consider whether the act is one that is "normally performed by a judge," and second, whether the parties dealt with the judge in his or her judicial capacity. *Id.*; *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

The elements for judicial immunity to apply are all clearly met here. Peterson alleges, *inter alia*, that, during the course of a formal hearing on the citation he was issued for violating a local ordinance, Judge Hesson acted improperly in denying his motions for change of venue and requests that he be permitted to "face or question his accuser[.]" (ECF No. 1, PageID.12, 13, 25-26). Peterson's own allegations show that Judge Hesson's challenged rulings[3] were all ones "normally performed by a judge," and that all occurred while acting in her judicial capacity in a matter over which she had jurisdiction. *See Stump*, 435 U.S. at 362.

Thus, Judge Hesson is entitled to absolute judicial immunity, and summary

---

[3] In his response to the instant motion, Peterson adds additional allegations against Judge Hesson that were not included in his complaint – namely, that, on June 10, 2023, she issued "a false default judgement [sic]" against him. (ECF No. 22, PageID.207). Although it is not entirely clear whether this alleged default judgment is related to the events at issue in this case, *i.e.*, Peterson's conduct in violating the local ordinance on November 23, 2022, it is clear that entry of the alleged default judgment is also the type of ruling "normally performed by a judge" and that it was entered in Judge Hesson's judicial capacity in a case over which she had jurisdiction. Thus, Peterson's new allegations do not change the analysis.

7

judgment should be granted in her favor.

### 3. *Prosecutor Urich*

Finally, Peterson accuses Prosecutor Urich of malicious prosecution, alleging that he knowingly "lied, mislead [sic], and committed unlawful perjurys [sic]" when he appeared as the prosecutor for the City of Woodhaven at the April 5, 2023 hearing on Peterson's violation of the local ordinance. (ECF No. 1, PageID.27). Specifically, Peterson claims that, during this hearing, Prosecutor Urich withheld relevant information about the investigation of the November 23, 2022 incident. (*Id.*, PageID.13, 27-28).

Prosecutors are entitled to absolute immunity on claims against them in their individual capacities for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). This immunity covers a prosecutor's actions in deciding whether and whom to prosecute; deciding what evidence and witnesses to present; and obtaining, reviewing, and evaluating evidence in connection with these functions. *See Imbler*, 424 U.S. at 431 n. 32. It even applies when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to grand jury).

8

Here, where Peterson alleges that Prosecutor Urich committed wrongdoing while acting in his capacity as an advocate – in deciding what evidence and witnesses to present (or not present) – at the April 5, 2023 hearing, Prosecutor Urich is entitled to absolute immunity. Thus, summary judgment should be granted in his favor.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion for Partial Summary Judgment **(ECF No. 16)** be **GRANTED**.

Dated: October 23, 2023  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981). The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.1991);

9

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 23, 2023.

                                         s/Eddrey O. Butts
                                         EDDREY O. BUTTS
                                         Case Manager