UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

          Plaintiff,

v.

JOHN DOW, *et al.*,

          Defendants.
_____/

Civil Action No. 23-11401

David M. Lawson
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND/OR PRELIMINARY INJUNCTION (ECF No. 19)**

**I.   REPORT**

    **A.   Background**

On November 23, 2022, *pro se* plaintiff Bradley Peterson ("Peterson") was protesting in front of the City of Woodhaven Police Department and City Hall. (ECF No. 1, PageID.10). On that date, he was ticketed by one or more Woodhaven police officers for an ordinance violation related to the prohibited placement of signs. (*Id.*, PageID.11). According to Peterson, on April 5, 2023, he was found guilty of the ordinance violation and fined $130 by the Honorable Jennifer Coleman Hesson of the 33rd District Court. (*Id.*, PageID.14). As a result, Peterson now brings suit pursuant to 42 U.S.C. § 1983 against the State of Michigan (the "State"), as well as Judge Hesson, the City of Woodhaven, and several additional defendants, alleging violations of his civil rights and seeking $10 million in damages.

On August 28, 2023, Peterson filed an untitled motion, in which he appears to seek a temporary restraining order and/or preliminary injunction preventing the future issuance of tickets for protests he conducts in violation of city ordinances. (ECF No. 19). Defendants John Dow, Sergeant Jackson, A. Sema, Patricia Odette, Jennifer C. Hesson, William Urich, and the City of Woodhaven (collectively the "City Defendants") filed a response to Peterson' motion on September 18, 2023 (ECF No. 23), and the State of Michigan[1] filed a response on September 12, 2023 (ECF No. 20). No reply was filed.

An Order of Reference was entered on July 5, 2023, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 9). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**B.     Applicable Legal Standards**

As set forth above, the Court will construe Peterson's motion as a motion for temporary restraining order ("TRO") and/or preliminary injunction, as he asks the Court to order the City Defendants "to stop giving tickets issuing threats, intimadation [sic] tactics – malicious prosecutions to stop U.S. public protest in case's [sic]." (ECF No. 19, PageID.172). TROs and preliminary injunctions "are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be

---

[1] On October 23, 2023, this Court entered a Report and Recommendation to grant the State's motion to dismiss. (ECF No. 25). Thus, the Court will not consider Peterson's request for injunctive relief as it applies to the State of Michigan.

held." *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013). Whether to grant such relief is a matter within the district court's discretion. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

The same factors are considered in determining whether to grant a request for a TRO or a preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.* (citing *Northeast Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Moreover, the proof required for a plaintiff to obtain a preliminary injunction and/or a TRO is much more stringent than the proof required to survive a summary judgment motion. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). This is so because a plaintiff carries the burden of persuasion for a preliminary injunction and must demonstrate specific harm and a likelihood of success on the merits of his claims, whereas a plaintiff need only show the existence of a material question of fact in order to overcome summary judgment. *Id.*

**C. Analysis**

Examining Peterson's filing against the foregoing standards, he has failed to show that he is entitled to the immediate injunctive relief he requests. With respect to the first factor, he has not established a strong likelihood of success on the merits. Courts have long held that "[a]lthough no one factor is controlling, a finding that there is simply no

likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Although Peterson alleges, *inter alia*, that the City Defendants retaliated against him in violation of his First Amendment rights, maliciously prosecuted him, discriminated against him, and denied him procedural and substantive due process (ECF No. 1), his allegations are presently without factual or evidentiary support.[2] Nor has Peterson presented a cogent argument as to why he believes the ordinance in question is unconstitutional or otherwise unenforceable. Rather Peterson simply seems to be asserting, in wholly conclusory fashion, that the defendants are retaliating against him for his prior lawsuits against the City and its agents. (ECF No. 19, PageID.175 ("The Defendants reprisals and revenge for prior U.S. civil lawsuit complaints filed against them in Case No. 18-cv-12838 is self-evident . . .")).[3]

In short, while the Court is sensitive to Peterson's concerns that his First Amendment right to peacefully protest is being chilled, he has not shown that he is likely to prevail on any of his claims against the remaining City Defendants, which mitigates in favor of denying his request for immediate injunctive relief. *See Cook v. Chase Home Fin., LLC*, No. 10-15108, 2010 WL 5441929, at *1 (E.D. Mich. Dec. 28, 2010) (concluding that the plaintiff had not demonstrated that she was entitled to a TRO partly because she "fail[ed] to demonstrate a strong or substantial likelihood of success on the merits").

---

[2] Moreover, on October 23, 2023, this Court issued a Report and Recommendation to grant the motion for partial summary judgment filed by Mayor Odette, Judge Hesson, and Prosecutor Urich. (ECF No. 26). Thus, Peterson's claims against these three defendants are entirely without merit.

[3] Peterson made a similar assertion at the hearing on the ordinance violation. (ECF No. 23-7, PageID.312 ("So it's looking like I'm being punished because I filed [] complaints [against] people that are corrupt.")).

Similarly, Peterson has not demonstrated that he is likely to suffer irreparable injury that is certain and immediate absent the requested injunction. In order to establish irreparable injury, a plaintiff must show that:

> … the harm that would result in the absence of the injunction must be irreparable, not merely substantial. A moving party's harm is irreparable if monetary damages are difficult to calculate or will not adequately compensate for the injury. In general, *if the harm suffered by the moving party may be compensated by money damages, courts will refuse to find harm irreparable.*

*Puertas v. Mich. Dep't of Corr.*, 88 F. Supp. 2d 775, 785 (E.D. Mich. 2000) (emphasis added) (internal citations omitted). Moreover, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Here, Peterson argues that the City Defendants are interfering with his constitutional right to protest; however, the fact remains that Peterson is permitted to peacefully protest in ways that do not violate the City's ordinances, and Peterson did not dispute the City Defendants' contention that he "was never issued a citation when he wore the suspender sign on his body when he first started protesting" and that it was "[o]nly when [he] placed his signs in the public easement/right-of-way [that he was] issued citations." (ECF No. 23, PageID.254). Particularly considering Peterson's failure to show a substantial likelihood of success on the merits, this factor favors denying his instant motion for injunctive relief.

The final two factors also weigh in favor of denying Peterson's motion for immediate injunctive relief. Issuing preliminary injunctive relief prohibiting the City Defendants from ticketing Peterson when he protests in violation of City ordinances would

5

result in harm to both the City Defendants and the public, because allowing municipalities to enforce lawfully enacted ordinances is critical to maintaining public safety. *See Planet Aid v. Ypsilanti Twp.*, 26 F. Supp. 3d 683, 694 (E.D. Mich. 2014) (court "unpersuaded that the public interest is best served by circumventing the ordinances that a Township has in place when the ordinance has not been shown to be in violation of the constitutional rights of its constituents"). And, finally, allowing Peterson to violate the City's ordinance in the manner he has been doing – *i.e.*, by placing large signs in the public easement/right-of-way – may cause substantial harm to others, as such signs may distract passing motorists in a high traffic area.

In sum, because Peterson has failed to meet his "heavy burden" to secure the requested immediate injunctive relief, his motion for TRO and/or preliminary injunction should be denied.[4]

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Peterson's Motion for Temporary Restraining Order and/or Preliminary Injunction **(ECF No. 19)** be **DENIED**.

---

[4] In their response to Peterson's motion, the City Defendants request that the Court "issue an order enjoining Plaintiff from continuing to violate the City's ordinance and/or declare that Plaintiff's conduct violates the City's ordinance." (ECF No. 23, PageID.224). However, such a request is improper, as Fed. R. Civ. P. 7(b)(1) provides that a "request for a court order must be made by motion." *See also Walsh v. Independent Home Care of Michigan, LLC*, No. 20-10170, 2021 WL 3054870, at *3 (E.D. Mich. July 20, 2021) (party is "not entitled to seek affirmative relief via its response to [opponent's] motion"). Moreover, the City Defendants' request does not meaningfully address the fundamental issue of the ordinance's constitutionality and enforceability – issues at the heart of Peterson's case.

Dated: October 23, 2023  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981). The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email

or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 23, 2023.

                                                                         s/Eddrey O. Butts  
                                                                         EDDREY O. BUTTS  
                                                                         Case Manager