UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY PETERSON,

                              Plaintiff,                              Case Number 23-11401

v.                                                    Honorable David M. Lawson
                                                          Magistrate Judge David R. Grand

JOHN DOW, SGT. JACKSON,
A. SEMA, PATRICIA ODETTE, JENNIFER C.
HESSON, WILLIAM URICH, CITY OF
WOODHAVEN, and STATE OF MICHIGAN

                              Defendants.

_____/

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORTS AND RECOMMENDATIONS, GRANTING THE STATE OF MICHIGAN'S MOTION TO DISMISS, GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER OR A PRELIMINARY INJUNCTION AND CONTINUING REFERRAL TO THE MAGISTRATE JUDGE FOR PRETRIAL MATTERS

Plaintiff Bradley Peterson filed a complaint without the assistance of an attorney alleging that certain public officials interfered with his First Amendment right to protest in a public space by issuing a violation summons, for which he was convicted and fined. The case was referred to Magistrate Judge David R. Grand to conduct all pretrial proceedings. Thereafter, defendant State of Michigan filed a motion to dismiss, and defendants Patricia Odette, Jennifer Hesson, and William Urich filed a motion for partial summary judgment. The plaintiff then filed a motion for a temporary restraining order or a preliminary injunction. On October 23, 2023, Judge Grand filed three reports in which he recommended that the State's motion to dismiss be granted, the motion for partial summary judgment be granted, and the motion for injunctive relief be denied. The plaintiff filed timely objections to the reports and recommendations, and the motions are before the Court for fresh review.

I.

According to his complaint, plaintiff Bradley Peterson was ticketed on November 23, 2022 and later fined for violating a City of Woodhaven ordinance regulating the use of certain signage outside the Police Department and City Hall.  Peterson, who regularly protests in the City with signs featuring slogans such as "Black-Indian lives don't matter" and "white crime pays," believes that the legal consequences he has experienced are the result of a campaign to harass, threaten, and intimidate him.  Compl., ECF No. 1, PageID.11, 20.  He brought this civil rights case alleging that multiple defendants — including the State of Michigan, the City of Woodhaven, Mayor Patricia Odette, Judge Jennifer Hesson, Prosecutor William Urich, and several other City employees — played a role in violating his rights under the First Amendment and retaliated against him for his protected speech.

His complaint includes a supplement of sorts in which he identifies the conduct attributable to each of the defendants.  He alleges that Woodhaven Mayor Odette

> has conspired – held meetings with city authoritys [sic] – Chief John Dow – Sgt. Jackson, other defendants in civil case – as to plan – scheme – with intent to stop the plaintiffs U.S. public protests against them and maliciously prosecute him in a US Court of Law.  The Defendant Ms. Odette, has ignored all known filed US complaints – evidence of facts – November 28, 2018 – reports.
>
> . . .
>
> The defendant Ms. Odette is aware of the plaintiffs US peaceful public protest history and cause – reasons in complaint and evidence of facts in case.  But has allowed the public protester to be assaulted and intimidated – threaten – injured – denied US constitutional civil rights to file complaints without fear of punishments or revenge by US authoritys [sic] in this civil case.
>
> The defendant Ms. Odette, has conspired with the state of Michigan to maliciously deny Plaintiff his US civil rights to US peaceful public protest without fear of prosecution cause of US filed complaints in civil case.

Compl. at 15-16, ECF No. 1, PageID.23-24.

His grievances against Judge Hesson reads as follows:

Hon. Jennifer Hesson, upon April 5, 2023 — did hold a hearing on November 23, 2022 – incident of U.S. public protest ticket — 003884 — issued by Sgt. Jackson, State of Michigan and the City of Woodhaven and knowingly lied, mislead, and committed perjury. Just to maliciously prosecute and deny the plaintiff's motions of a change of venue in civil case. The defendant Jennifer C. Hesson, falsely claimed that she investigated the November 28, 2018 — exhibit of witness report testimony by Mr. Shane Macintyre, 33rd District Courthouse Systems Administrator – who has on record informed the Court that some — unknown employee's inside courthouse did tamper with April 12, 2017, US legal video-tape evidence and obstructed justice in case.

Defendant Ms. Jennifer C. Hesson, conspired with the State of Michigan and the City of Woodhaven to deny the Plaintiff's U.S. civil constitutional rights to public protest complaints of April 12, 2017 incident of events. U.S. 33rd District Courthouse — white racist employees being allowed to tamper with legal video-tape evidence obstruct U.S. justice in civil case, and has conspired to use the U.S. legal system – white U.S. Jim Crow racist tactics city rule laws out of reprisal's revenge for prior US federal civil lawsuits filed against them in case no: 18-cv-12838].

Defendant Ms. Jennifer C. Hesson refused the Plaintiff's motions of a change of venue and under MCR 2.003 to disqualify herself as to hurt and punish Plaintiff and single him out to maliciously prosecute him in US civil case.

*Id.* at PageID.25-26

Peterson's alleges that defendant Urich, in connection with "civil ticket no. ZZW81810,"

at a court hearing,

held knowingly lied, mislead, and committed unlawful perjurys [sic] in false untrue claims that he investigated — exhibit witness testimony, Mr. Shane Macintyre, information and reports that some unknown 33rd District Courthouse U.S. employee April 12, 2017 tampered with the legal videotape evidence in Defendant's criminal case. Mr. Urich never interviewed or spoke too [sic] witness Mr. Shane Macintyre, or investigated the known racist discrimination, obstruction of justice inside 33rd U.S. district courts. Legal ethics — no accountability rules policys [sic] against Mr. Peterson in civil case. As to maliciously prosecute — punish and deny him US civil constitutional rights to U.S. public protests April 12, 2017 — U.S. complaints. Defendant Mr. Urich, has conspired with the City of Woodhaven and the State of Michigan to use bias, legal tactics — discrimination to stop U.S. public protest and to single Mr. Peterson out to punish and prosecute cause of reprisals for prior U.S. civil lawsuits filed against them in civil case no: 18-cv-12838] still pending in U.S. Federal Courts.

- 3 -

*Id.* at PageID.27-28

On June 29, 2023, the State of Michigan filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Peterson's claims against it are barred by the Eleventh Amendment.  ECF No. 7.  On August 23, 2023, defendants Patricia Odette, Jennifer C. Hesson, and William Urich filed a motion for partial summary judgment citing Rules 12(b)(6) and 56, arguing that they each are entitled to absolute immunity on Peterson's claims.  ECF No. 16. Several other municipal defendants have not yet sought dismissal or summary judgment.  Peterson responded to both motions.  ECF Nos. 14 & 22.  On August 28, 2023, he filed a motion for a temporary restraining order or a preliminary injunction to permit him to protest in violation of the City's ordinance without fear of being ticketed.  ECF No. 19.  The municipal defendants and State both responded to his motion.  The municipal defendants' response also includes a motion for an order enjoining the plaintiff's continuing violation of its ordinance or declaring that his conduct is unlawful.  ECF No. 23, PageID.256.

Judge Grand issued an individual report on each of these three motions.  First, he recommended that the Court grant the State's motion to dismiss since the State of Michigan enjoys Eleventh Amendment immunity from suits brought under 42 U.S.C. § 1983.  Second, he recommended that the Court grant the municipal defendants' motion for partial summary judgment because each of the defendants is immune from suit under the plaintiff's claims.  He suggested that Odette has legislative immunity through her role as mayor, Hesson has judicial immunity as a state court judge, and Urich has prosecutorial immunity as a local prosecutor.  Finally, he recommended that the Court deny Peterson's motion for an injunction because he has demonstrated neither a likelihood of success on the merits nor a likelihood that he will suffer irreparable harm.  Judge Grand also explained that an injunction permitting the plaintiff's preferred

form of protest may cause harm to the public by undermining the safety of the town's roadways. He did not address the municipal defendants' request for an injunction or declaratory judgment.

Peterson filed timely objections to Judge Grand's reports recommending dismissal of the State and summary judgment for Odette, Hesson, and Urich. He did not file objections to the report recommending denial of his motion for injunctive relief.

## II.

### A.

Taking the motion for an injunction first, within fourteen days after a report and recommendation is filed, a party may file written objections, after which the district court must give fresh review to "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b). However, a party's failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Peterson's failure to object to the report recommending denial of his motion for an injunction permits the Court to adopt it without further comment. However, the Court agrees with the findings and conclusion in that report.

The magistrate judge did not address the defendants' counter-request for an injunction preventing Peterson from violating the sign ordinance. But that request is not properly before the Court. Local Rule 7.1 governing motion practice states that a party may not "combine[]" a motion "with any other stand-alone document." E.D. Mich. LR 7.1(i). As an example, "a counter-motion must not be combined with a response or reply." *Ibid.* The defendants' request for an injunction of their own, therefore, will be denied.

- 5 -

B.

The magistrate judge recommended that the complaint against the State of Michigan be dismissed because the State is immune from suit.  Peterson objected to that recommendation, but his objections contain no legal argument about the magistrate judge's conclusions and merely recite the factual basis for his claims.  That will not help his cause.

When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2), (3) (requiring court review of "any part of the magistrate judge's disposition *that has been properly objected to*") (emphasis added); *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

But this review is not plenary.  "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).  More to the point, objections to a magistrate's report and recommendation

- 6 -

must be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object," because it does not focus the Court's attention on any specific issues for review, "thereby making the initial reference to the magistrate useless." *Ibid.*

Peterson's general objection is not sufficient to trigger review by the Court. Nonetheless, Judge Grand's determination that the State of Michigan is immune from suit is correct. The State has broad immunity from suit under the Eleventh Amendment, including actions brought under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-67 (1989). Therefore, lawsuits against the State of Michigan are "'barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit,' or unless Congress has expressly abrogated Eleventh Amendment immunity." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). "Michigan has not consented to the filing of civil rights suits against it in federal court." *Ibid.* (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). And Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Peterson's objection to the recommendation to grant the State's motion to dismiss will be overruled.

C.

The magistrate judge recommended that the motion for partial summary judgment by defendants Odette, Hesson, and Urich be granted, and that the case be dismissed against them.

Peterson interposed nothing more than a general objection to that recommendation as well.  For the reasons stated above, that objection is insufficient to preserve any issues on that motion.

Moreover, the case against Judge Hesson and prosecutor Urich cannot go forward because they are immune from suit.  The claim against Judge Hesson arises solely from her duties as a judicial officer.  Judicial immunity blocks claims against judges performing their judicial function. *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997).  Peterson's allegations against prosecutor Urich are based on his prosecution of the ordinance violation ticket issued to Peterson.  He does allege that Urich conspired with others to interfere with Peterson's right to protest, but the conspiratorial act alleged consists of pursuing the ticket prosecution.  Prosecutorial immunity bars civil claims "intimately associated" with the judicial process, even where a prosecutor's conduct would be unlawful.  *Price v. Montgomery Cnty., Kentucky*, 72 F.4th 711, 719-20 (6th Cir. 2023).  Peterson's claims against both defendants relate directly to their roles as a judge and prosecutor, respectively.  They are immune from civil suit.  His objection to the part of the report recommending dismissal of those claims will be overruled.

The recommended dismissal of the claims against Mayor Patricia Odette requires further examination.  The magistrate judge found that the plaintiff's claim against Odette amounted to allegations about her policymaking role and accordingly determined that it was barred by legislative immunity.  Generally, that doctrine will create an absolute bar to claims against municipal policymaking officials acting within their legislative capacities.  *See R.S.S.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 437-38 (6th Cir. 2005) (citing *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989) (applying legislative immunity to municipal officials whose only involvement in the allegedly unlawful conduct was promulgating local ordinances).  For that doctrine to apply, the alleged conduct must have been within the realm of "legitimate legislative

activity." *Id.* at 437 (quoting *Bogan v. Scott–Harris*, 523 U.S. 44, 54 (1998)).  The Sixth Circuit has adopted a two-part test to determine whether particular acts are legislative in nature: first, a court must consider whether the alleged acts were legislative in form, i.e., whether "they were integral steps in the legislative process"; and, second, a court must analyze the substance of the defendants' acts to determine whether they bear "all the hallmarks of traditional legislation," including "a discretionary, policymaking decision[.]" *Anders v. Cuevas*, 984 F.3d 1166, 1181-82 (6th Cir. 2021).  If these elements are established, the defendant is immune from suit for conduct related to the legislative activity.  *Ibid.*

Judge Grand concluded that Odette made a sufficient showing for legislative immunity to protect her from this lawsuit because of her alleged role in passing the ordinance under which Peterson was ticketed.  ECF No. 26, PageID.393.  If that were the sole basis for the plaintiff's claim, legislative immunity undoubtedly would bar the claim against her.  But the plaintiff's complaint also alleges that in addition to the activity in passing the ordinance, Odette "has conspired — held meetings with city authoritys [sic] — Chief John — Sgt. Jackson, other defendants . . . to plan — scheme — with intent to stop the plaintiff's public U.S. protests against them."  ECF No. 1, PageID.23.  These allegations can be read to encompass more conduct than participation in a city council legislative policymaking session.  Conspiracy with other executive officials in not necessarily legislative in nature.

Making the same point, the Sixth Circuit in *Guindon v. Township of Dundee, Michigan* explained that several local officials' alleged actions to deny a building permit request, refuse to enforce local laws, and delay processing a transfer request were "all in the nature of administrative and executive functions and therefore not entitled to absolute legislative immunity."  488 F. App'x 27, 34 (6th Cir. 2012).  Here, the plaintiff's allegations suggest that Odette worked with other

officials to promulgate a plan to enforce sign laws selectively against him. That alleged conduct does not bear the indicia of legislation and therefore is not within the ambit of absolute legislative immunity.

The Court will not adopt Judge Grand's recommendation to dismiss the case against Mayor Odette at this point in the litigation.

III.

The magistrate judge correctly concluded that the plaintiff's complaint fails to state a claim against the State of Michigan, Jennifer Hesson, or William Urich because immunity doctrines bar the claims against them as stated in the complaint. Absolute legislative immunity, however, does not bar all of the claims against defendant Patricia Odette. The defendants are not entitled to a preliminary injunction or temporary restraining order.

Accordingly, it is **ORDERED** that the reports and recommendations issued by Judge Grand on the State of Michigan's motion to dismiss and the plaintiff's motion for injunctive relief (ECF Nos. 25, 27) are **ADOPTED**, and the report and recommendation on Odette, Hesson, and Urich's motion for partial summary judgment (ECF No. 26) is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the State of Michigan's motion to dismiss (ECF No. 7) is **GRANTED**, and the plaintiff's claims against it are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that motion for partial summary judgment by defendants Odette, Hesson, and Urich (ECF No. 16) is **GRANTED IN PART AND DENIED IN PART**. The plaintiff's claims against defendants Hesson, and Urich are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects.

- 10 -

It is further **ORDERED** that the plaintiff's motion for a temporary restraining order or a preliminary injunction (ECF No. 19) is **DENIED**.

It is further **ORDERED** that the referral of the case to the assigned magistrate judge under the previous order of reference (ECF No. 9) is **CONTINUED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  January 19, 2024