UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

            Plaintiff,

v.

JOHN DOW, *et al.*,

            Defendants.
_____/

Civil Action No. 23-11401

David M. Lawson
United States District Judge

David R. Grand
United States Magistrate Judge

### REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR RESTRAINING ORDER (ECF No. 36)

**I.    REPORT**

On November 23, 2022, *pro se* plaintiff Bradley Peterson ("Peterson") was protesting in front of the City of Woodhaven Police Department and City Hall. (ECF No. 1, PageID.10). On that date, he was ticketed by one or more Woodhaven police officers for an ordinance violation related to the prohibited placement of signs. (*Id.*, PageID.11). According to Peterson, on April 5, 2023, he was found guilty of the ordinance violation and fined $130. (*Id.*, PageID.14). As a result, Peterson now brings suit pursuant to 42 U.S.C. § 1983 against the City of Woodhaven and several additional defendants, alleging violations of his civil rights and seeking $10 million in damages. Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 9).

Now before the Court is Defendants' Motion for Restraining Order, which was filed on February 2, 2024. (ECF No. 36). In their motion, Defendants point to statements made by Peterson in a prior court filing, in which he indicated that Defendants' actions have

caused him to experience "suicidal and homicidal" thoughts. (*Id.*, PageID.511) (citing ECF No. 33, PageID.520). Given Peterson's statements in this respect, Defendants seek in their motion entry of a court order "precluding [Peterson] from having any contact with any of the Defendants, from entering onto the grounds of Woodhaven City Hall, enjoining [Peterson] from traveling to the residence of any of the Defendants and traveling to the law offices of [defense counsel]." (ECF No. 36, PageID.511).

On March 1, 2024, Peterson filed a response to Defendants' motion in which he again referenced "having suicidal and homicidal thoughts" and claimed that these thoughts are caused by Defendants' actions. (ECF No. 39, PageID.578). Peterson further indicated, however, that he is not a threat to Defendants or their counsel in this case. (*Id.*). Defendants filed a reply brief in support of their motion on March 6, 2024. (ECF No. 40). Subsequently, Defendants filed a supplemental brief, on March 8, 2024, setting forth other, older, similar statements Peterson made in connection with other state court litigation. (ECF No. 42). Peterson then responded with two additional filings of his own in which he again asserts that he "has not threaten[ed] the Defendants – and has caused no harm," and that he "is the only one being threaten[ed] with malicious prosecutions" for his protests. (ECF Nos. 43, 44). Oral argument was held on Defendants' motion on March 21, 2024.

## II.     RECOMMENDATION

For the detailed reasons set forth on the record, **IT IS RECOMMENDED** that Defendants' Motion for Restraining Order **(ECF No. 36)** be **DENIED**. The Court, however, notes that at oral argument, it questioned Peterson at length about the statements he made in his filings, and he repeatedly indicated that he did not intend them to convey

an intention to harm anyone, that he had and has no intention to harm any other person or himself, and that he will not do so. Indeed, Peterson and counsel for Defendants reached a resolution as to where Peterson will and will not protest, which they will memorialize in a written agreement within the next two weeks.

The Court repeatedly cautioned Peterson at oral argument, and Peterson expressed his understanding, that comments like the ones raised by Defendants could be construed as threatening in nature, and that while he has a constitutional right to engage in lawful, peaceful protests, **he may not utilize threatening language, or engage in threatening conduct of any kind, during the course of these protests or as part of this litigation**. **Any such future conduct by Peterson could result in the imposition of an appropriate sanction, up to and including dismissal of this action**.

Dated: March 22, 2024  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2024.

                                          s/Eddrey O. Butts
                                          EDDREY O. BUTTS
                                          Case Manager