UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

                  Plaintiff,

v.

JOHN DOW, *et al.*,

                  Defendants.
_____/

Civil Action No. 23-11401

David M. Lawson
United States District Judge

David R. Grand
United States Magistrate Judge

### ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENAS (ECF No. 48)

On November 23, 2022, *pro se* plaintiff Bradley Peterson ("Peterson") was protesting in front of the City of Woodhaven Police Department and City Hall. (ECF No. 1, PageID.10). On that date, he was ticketed by one or more Woodhaven police officers for an ordinance violation related to the prohibited placement of signs. (*Id.*, PageID.11). According to Peterson, on April 5, 2023, he was found guilty of the ordinance violation and fined $130. (*Id.*, PageID.14). Peterson now brings suit pursuant to 42 U.S.C. § 1983 against the City of Woodhaven and several additional defendants, alleging violations of his civil rights and seeking $10 million in damages. Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 9).

Discovery is ongoing and on March 29, 2024, Peterson filed a document entitled "Motions – Request to U.S. Federal Courts to Order Subpoena's [sic] for All Witnesses Listed for a U.S. Civil Trial in Case." (ECF No. 48). In this filing, Peterson appears to ask that the Court issue subpoenas for sixteen different third-party witnesses, including at least

three judges. (*Id.*). The Court will deny the motion.

As an initial matter, it is unclear for what purpose Peterson is seeking the subpoenas; he appears to be asking the Court to "order subpoena's [sic] for … a U.S. civil trial" (*Id.*, PageID.662), but no trial is scheduled in this case. This alone is grounds for denying Peterson's motion.

Moreover, to the extent Peterson seeks to subpoena certain individuals during the discovery phase, the Court notes that Federal Rule of Civil Procedure 45(b) provides, in relevant part, that, "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). As Peterson is an individual over 18 years old, he may, without leave of Court, obtain blank subpoenas from the Eastern District of Michigan's public website at https://www.mied.uscourts.gov/index.cfm?pageFunction=formList and complete and serve such subpoenas in the manner specified in Rule 45. Again, because no relief is warranted, Peterson's motion will be denied.

The Court notes, however, that a party who issues and serves a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). This clearly includes serving subpoenas on individuals who do not possess relevant *factual* information about the claims and defenses in this case. To that end, the Court notes that Peterson improperly appears to want to obtain legal opinions from many of the witnesses listed in his motion. For example, he lists Judge

2

Jennifer C. Hesson of the 33rd District Court, and asserts that she "can testify [] to City of Woodhaven reprisals – abuses of legal U.S. powers to maliciously prosecute – to stop U.S. public protests . . ." (ECF No. 48, PageID.666). Peterson also appears to want to obtain testimony about court rulings and transcripts of hearings in his state court case. But where there is no dispute about the authenticity of such state court records – as appears to be the case here – there is no need to subpoena a court administrator to testify about those documents. Thus, to the extent Peterson issues subpoenas in violation of Rule 45, he is hereby cautioned that they may be quashed pursuant to Rule 45(d)(3).

For the foregoing reasons, Peterson's "Motions – Request to U.S. Federal Courts to Order Subpoena's [sic] for All Witnesses Listed for a U.S. Civil Trial in Case" **(ECF No. 48)** is **DENIED**.

**IT IS SO ORDERED.**

| | |
|---|---|
| Dated: April 17, 2024<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U. S. C. § 636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2024.

                                      s/Eddrey O. Butts
                                      EDDREY O. BUTTS
                                      Case Manager